IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| OMAR SHARIFF HOSKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:19CV521 |
| | ) |
| JAMIES COBB, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has filed a motion to dismiss (Docket Entry 6), a brief in support (Docket Entry 7), and an initial answer (Docket Entry 5). Petitioner was notified of his right to file a response to Respondent's motion to dismiss (Docket Entry 8), and given an extension of time to file that response (8/29/2019 Text Order); however, no response was forthcoming. This matter is now prepared for a ruling.

### Background

On March 24, 2017, in the Superior Court of Scotland County, Petitioner pled guilty to felony death by vehicle, reckless driving to endanger, overtaking a vehicle, no operator's license, and indecent exposure, and was sentenced 92-123 months of imprisonment. (Docket Entry 7, Exs. 1-4.) He did not appeal. (Docket Entry 1, § 8.) Instead, he filed a motion for

appropriate relief ("MAR") in the same court on January 7, 2019, where it was soon denied.[1] (*Id.*, Exs. 5-6.) Petitioner then filed a certiorari petition in the North Carolina Court of Appeals on April 5, 2019, whereupon it was denied on April 10, 2019. (*Id.*, Exs. 7-8.) Petitioner dated his federal habeas petition May 1, 2019, filed it in the Eastern District of North Carolina on May 20, 2019, and it was transferred to this Court the same day. (Docket Entry 1.)

## Petitioner's Claims

Petitioner contends that the trial court (1) erred by denying him his right to a speedy trial in violation of the Sixth Amendment; and (2) erred by sentencing him to an aggravated sentence without indictment, notice, information or any other type of notice in violation of the Fifth and Fourteenth Amendments. (Docket Entry 1, § 12, Grounds One and Two.) As demonstrated below, these claims are all time-barred.

## Discussion

Respondent requests dismissal on the ground that the petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). (Docket Entry 7 at 2-11.) In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:

---

[1] The order denying the MAR is dated December 17, 2019. (Docket Entry 7, Ex. 6.) This must be a typographical error, because as of the date of this Recommendation, December 17, 2019 has yet to occur. However, the order is also filed stamped January 17, 2019 and so the MAR was presumably denied on or prior to that date. In any event, the exact date of the denial of Petitioner's MAR is not material here and so the Court need not definitively resolve that issue.

2

> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added). The record does not reveal any meaningful basis for addressing subparagraphs (B) through (D) of § 2244(d)(1) and Petitioner has not invoked these subparagraphs.

Under Subparagraph (A), Petitioner's one-year limitation period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Here, assuming Petitioner had the right to appeal his guilty plea, his case became final on Friday, April 7, 2017, fourteen days after the entry of his March 24, 2017 judgment. (Docket Entry 7, Ex. 3.) *See* 28 U.S.C. 2244(d)(1)(A) (providing that a conviction is final "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); N.C.R. App. P. 4(a)(2) ("Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by . . . filing notice of appeal with the clerk of superior court

3

. . . within fourteen days after entry of the judgment . . . ."). Therefore, Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) commenced no later than early April of 2017, and expired no later than early April of 2018. Petitioner executed and filed his federal habeas petition in May of 2019. (Docket Entry 1.) It is more than one year late.

It is true that the instant action would have been subject to statutory tolling if Petitioner had a properly filed post-conviction petition pending in state court during the one-year limitations period. 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (state collateral filings generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)"). However, statutory tolling does not apply here because none of Petitioner's state post-conviction proceedings were pending during the limitations period. In other words, Petitioner's time to file in this Court expired before he made any state court filings. Filings made after the limitations period has ended do not revive or restart it. *Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). Here, Petitioner did not pursue any state post-conviction efforts until January of 2019 (Docket Entry 7, Ex. 5), which was more than eight months after his federal habeas deadline expired in early April of 2018. Consequently, Petitioner's grounds for relief are all time-barred.

Petitioner's arguments to the contrary are not persuasive. In section 18 of his pre-printed federal habeas forms, when asked why the petition is not barred for being filed beyond the one-year deadline, Petitioner asserts:

> My court appointed attorney and [the judge] specifically told me
> that I would not be able to appeal my convictions, since I lost all

4

> my Constitutional rights when I pled guilty. That was not true, since they violated my constitutional rights prior to me pleading guilty. I would not have pled, if I knew both my court appointed attorney and [the judge] violated my constitutional right prior to my plea. There is not prejudice against the State of North Carolina in allowing this petition to proceed.

(Docket Entry 1, § 18.) These reasons do not warrant a later starting date of the deadline under subparagraphs (A) through (D) or otherwise prevent its application in this case.

To the extent Petitioner is asking for equitable tolling, his arguments also fail. Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *See Holland v. Florida*, 560 U.S. 631, 648 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner fails to satisfy either of these prongs.

First, to the extent Petitioner pleads ignorance of the one-year deadline, this is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Second, unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling, because they represent ordinary, rather than extraordinary, circumstances for a prisoner. *See id.*; *see also Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000). Third, the potential merits of a claim do not impact the timeliness analysis, so any argument along these lines must also fail. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003).

Fourth, to the extent Petitioner asserts he is actually innocent of the crimes to which he pled guilty, that claim would also fail to render his petition timely. The Supreme Court recognized in *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to the one-year deadline. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a

5

reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see McQuiggin*, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, Petitioner, at most, asserts indirectly and in a conclusory fashion that he is actually innocent. Conclusory statements are insufficient to toll the federal habeas deadline. For all these reasons, the Petition is time-barred.

## **CONCLUSION**

Petitioner's grounds are time-barred. Neither a hearing, nor discovery, nor the appointment of counsel are warranted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket Entry 6) be **GRANTED**, that the Petition (Docket Entry 1) be **DISMISSED**, and that Judgment be entered dismissing this action.

_____
Joe L. Webster
United States Magistrate Judge

November 21, 2019
Durham, North Carolina